# CARLA SANDERSON

ATTORNEY  NY, NJ, SDNY, EDNY

260 MADISON AVENUE  FL 22
NEW YORK, NEW YORK 10016
carla@carlasandersonlaw.com

T 646.499.3818
F 646.499.3814
carlasandersonlaw.com

July 24, 2020

**Via ECF**
The Honorable Lorna G. Schofield
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re: *United States v. Victor Alvarez*, 93-Cr-181-09 (LGS)

Dear Judge Schofield,

      I was appointed to represent Victor Alvarez with regard to the government's application to modify his conditions of release. I write pursuant to the Court's July 21, 2020 Order to inform the Court that I spoke to Mr. Alvarez and conveyed to him the contents of the aforementioned Order. Mr. Alvarez indicated he objects to the government's requested modifications, including but not limited to the condition requiring him to receive mental health treatment and medication. Additionally, counsel sought Mr. Alvarez's consent to appear at a telephonic or video hearing and Mr. Alvarez expressed he is unwilling to waive his appearance and requests an in-person hearing.

      In brief response to the government's letter, should the Court grant the request for Mr. Alvarez to receive mental health evaluation and treatment the Court should deny any request that Mr. Alvarez take medication against his will. Mr. Alvarez has a constitutionally protected liberty interest in avoiding involuntary administration of antipsychotic drugs after he is released from prison. Individuals have "a significant liberty interest,' protected by the Due Process Clause, 'in avoiding the unwanted administration of antipsychotic drugs.'" *United States v. Hardy*, 724 F.3d 280, 295 (2d Cir. 2013 (quoting *Washington v. Harper*, 494 U.S. 210, 221, 110 S.Ct. 1028, 108 L.Ed.2d 178 (1990)). This right may in some circumstances be outweighed by competing governmental interests, for example, the interest of prison administrators "in ensuring the safety of prison staffs and administrative personnel." *See Harper*, 494 U.S. at 223 – 225 110 S.Ct.1028). There is no such governmental interest here.

      *United States v. Jones* is instructive. *United States v. Jones*, No. 3:15-CR-184 (VAB), 2016 WL 3962776, at *2 (D. Conn. July 21, 2016). In *Jones*, the Court found that it could not, "consistent with the United States Constitution," order the defendant, who was alleged to have violated his supervised release, to take medication against his will:

> The United States Constitution only permits the "Government involuntarily to administer antipsychotic drugs to a mentally ill defendant facing serious criminal charges in order to render that defendant competent to stand trial [ ] if the treatment [1] is medically appropriate, [2] is substantially unlikely to have side effects that may

undermine the fairness of the trial, and, [3] taking account of less intrusive alternatives, is necessary significantly to further important governmental trial-related interests." *Sell v. United States*, 539 U.S. 166, 179 (2003). The circumstances where forced mental health treatment is justified are rare, and do not exist here. *See id.* at 179-80.

*Id.*

As Mr. Alvarez is not facing any trial or new charges, the government cannot establish an interest that outweighs Mr. Alvarez's constitutionally protected liberty interest in avoiding involuntary medication. *Id.*

Further, the government's request that Mr. Alvarez be housed at a Residential Re-entry Center ("RRC") on full-time confinement and GPS tracking with only limited permission to leave is unduly restrictive. Mr. Alvarez has not yet been placed on supervised release and should not be punished through placement at an RRC. The government's cited cases are distinguishable as they involved defendants who either agreed to the restrictive conditions, *United States v. Molina*, 04 Cr. 989 (RMB), Dkt. 67 at 1-2 (S.D.N.Y. Nov. 8, 2018) (defendant agreed to reside in RRC with restrictions on movement) or involved a modification of conditions after the defendant was charged with violating conditions of release, *United States v. Ramirez*, 11 Cr. 1015 (LTS), Dkt. 165 at 1 (S.D.N.Y. Apr. 25, 2017). Mr. Alvarez should not be preemptively punished by requiring him to reside at an RRC and restricting his movement.

With regard to the next steps, Mr. Alvarez requests an in-person hearing subsequent to his release. I have spoken with the government (AUSA Samuel Rothschild) and the government requests that a hearing be held remotely prior to Mr. Alvarez's release. In the alternative, the government requests that the hearing occur as soon as possible upon the defendant's arrival in this District. Undersigned counsel is scheduled to leave for a previously planned vacation on August 2, 2020 and is available for the hearing from July 28-31, 2020. Additionally, counsel will be available via telephone or video while away.

Very truly yours,

/s

Carla Sanderson