

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 28, 2020

**By ECF**

Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:   *United States v. Victor Alvarez*, No. 93 Cr. 181 (LGS)

Dear Judge Schofield:

      I write pursuant to the Court's July 28, 2020 order (Dkt. 1182). Having considered the defendant's July 24, 2020 letter (Dkt. 1176) and conferred with the U.S. Probation Office ("Probation"), the Government modifies the language of three of the Proposed Conditions requested in the Government's application (Dkt. 1169). Specifically, the Government modifies the Mental Health Condition to clarify, among other things, that the Government is not presently seeking that the defendant be involuntarily medicated. Additionally, the Government modifies what was previously termed the Residential Reentry Center Condition, and what is now termed the Residence Condition, to clarify, among other things, that, in the first instance and with Probation's approval, the defendant may reside somewhere other than a Residential Reentry Center. Finally, the Government modifies the Home Confinement with GPS Condition to reflect some of the just-described modifications to the Residence Condition, and to clarify, among other things, that the defendant's demonstrated adherence to the conditions of supervision could result in Probation's exercising its discretion to relax some of the strictures of supervision.

      For completeness, the Government sets forth here the full list of Proposed Conditions:

1. The defendant must participate in a Risk Assessment and Mental Health Evaluation approved by Probation. As part of this process, the defendant must participate in polygraph or similar deception tests as directed by Probation. In addition, the defendant must adhere to any treatment plan generated by the Risk Assessment and Mental Health Evaluation, including by taking any medication prescribed as part of any such treatment plan. If the defendant does not adhere to the treatment plan generated by the Risk Assessment and Mental Health Evaluation, Probation may request the Court's intervention to secure a higher level of care. The defendant must contribute to the cost of services rendered based on his ability to pay and the availability of third-party payments. The Court authorizes the release of available psychological and psychiatric evaluations and reports, including the Presentence Investigation Report, to and from any healthcare provider concerning the defendant. (The "Mental Health Condition.")

2. The defendant must submit for Probation's approval a proposed residence, which may include a shelter. If the defendant is removed from any shelter for failing to abide by shelter rules or for his misbehavior, the defendant may be ordered, at Probation's discretion, to reside in a Residential Reentry Center for a period up to 12 months, during which time the defendant would not be permitted to leave the facility except for work, healthcare appointments, religious observances, or other acceptable reasons as approved by Probation. The defendant would be required to abide by all the rules and regulations of the Residential Reentry Center, which could include a subsistence payment to the facility based upon income earned. (The "Residence Condition.")

3. The defendant must be monitored by active GPS monitoring for a period of 12 months, including any period during which the defendant is residing in a Residential Reentry Center pursuant to the Residence Condition, and must abide by all technology requirements. The defendant must pay all or part of the costs of participation in the location monitoring program as directed by the Court and Probation. The selected form of location monitoring technology must be utilized to monitor the following restrictions on the defendant's movement in the community as well as other Court-imposed conditions of release: The defendant is restricted to his residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; Court appearances; Court-ordered obligations; or other activities as preapproved by Probation. Should the defendant demonstrate continued compliance with the terms of supervision, Probation may, in its discretion, relax the defendant's restrictions to his residence as warranted. (The "Home Confinement with GPS Condition.")

4. The defendant must possess or have access to, as arranged by Probation, a telephone that will allow videoconferencing with Probation. (The "Videoconferencing Condition.")

5. The defendant shall participate in a deradicalization program under the supervision of Probation. (The "Deradicalization Condition.")

6. The defendant must submit his person, residence, place of business, vehicle, and any property or computers (as defined in 18 U.S.C. § 1030(e)(1)), electronic communications, data storage devices and/or other media under his control to a search on the basis that the probation officer has reasonable belief that contraband or evidence of a violation of the conditions of release may be found. The search must be conducted at a reasonable time and in reasonable manner. Failure to submit to a search may be grounds for revocation. The defendant shall inform any other residents that the premises may be subject to search pursuant to this condition. (The "Search Condition," and, collectively, the "Proposed Conditions.")

I have conferred with defense counsel, who has represented that, at this time, the defendant continues to object to the Proposed Conditions.

Respectfully submitted,

AUDREY STRAUSS
Acting United States Attorney

By: *Samuel P. Rothschild*
Samuel P. Rothschild
Assistant United States Attorney
(212) 637-2504

cc: Carla Sanderson, Esq. (by ECF)

Probation Officer Michael P. Nicholson (by email)

3