USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/30/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
:
UNITED STATES OF AMERICA,            :
:
:
:
:    93-CR-181-09 (LGS)
-v-                                  :
:        **ORDER**
:
VICTOR ALVAREZ, et al.,              :
:
Defendant.    :
:
-------------------------------------------------------------X

<u>VERNON S. BRODERICK</u>, United States District Judge:

On July 30, 2020, I presided as Part I Judge over a hearing related to the Government's request that the supervised release terms for Defendant Victor Alvarez be modified. Based upon the submissions and arguments of the parties, it is hereby

ORDERED that Defendant Alvarez's supervised release terms are modified to include the following terms:

1. Defendant must participate in a Risk Assessment and Mental Health Evaluation approved by Probation. As part of this process, Defendant must participate in polygraph or similar deception tests as directed by Probation. In addition, Defendant must adhere to any treatment plan generated by the Risk Assessment and Mental Health Evaluation, including by taking any medication prescribed as part of any such treatment plan. If Defendant does not adhere to the treatment plan generated by the Risk Assessment and Mental Health Evaluation, Probation may request the Court's intervention to secure a higher level of care. Defendant must contribute to the cost of services rendered based on his ability to pay and the

availability of third-party payments. The Court authorizes the release of available psychological and psychiatric evaluations and reports, including the Presentence Investigation Report, to and from any healthcare provider concerning the defendant. (The "Mental Health Condition.")

2. Defendant must submit for Probation's approval a proposed residence, which may include a shelter. If Defendant is removed from any shelter for failing to abide by shelter rules or for his misbehavior, Defendant may be ordered, at Probation's discretion, to reside in a Residential Reentry Center for a period up to 12 months, during which time Defendant would not be permitted to leave the facility except for work, healthcare appointments, religious observances, or other acceptable reasons as approved by Probation. Defendant would be required to abide by all the rules and regulations of the Residential Reentry Center, which could include a subsistence payment to the facility based upon income earned. (The "Residence Condition.")

3. Defendant must be monitored by active GPS monitoring for a period of 12 months, including any period during which the defendant is residing in a Residential Reentry Center pursuant to the Residence Condition, and must abide by all technology requirements. Defendant must pay all or part of the costs of participation in the location monitoring program as directed by the Court and Probation. The selected form of location monitoring technology must be utilized to monitor the following restrictions on Defendant's movement in the community as well as other Court-imposed conditions of release: Defendant is restricted to his residence at all times except for employment; education; religious services;

medical, substance abuse, or mental health treatment; attorney visits; Court appearances; Court-ordered obligations; or other activities as preapproved by Probation. Should Defendant demonstrate continued compliance with the terms of supervision, Probation may, in its discretion, relax Defendant's restrictions to his residence as warranted. (The "Home Confinement with GPS Condition.")

4. Defendant must possess or have access to, as arranged by Probation, a telephone that will allow videoconferencing with Probation if possible. (The "Videoconferencing Condition.")

5. Defendant shall participate in a deradicalization program under the supervision of Probation. (The "Deradicalization Condition.")

6. Defendant must submit his person, residence, place of business, vehicle, and any property or computers (as defined in 18 U.S.C. § 1030(e)(1)), electronic communications, data storage devices and/or other media under his control to a search on the basis that the probation officer has reasonable belief that contraband or evidence of a violation of the conditions of release may be found. The search must be conducted at a reasonable time and in reasonable manner. Failure to submit to a search may be grounds for revocation. Defendant shall inform any other residents that the premises may be subject to search pursuant to this condition. (The "Search Condition," and, collectively, the "Proposed Conditions.")

7. Defendant shall permit Probation to seize and confiscate any suspected extremists/terrorists material observed in your possession, custody or control. Upon confiscation of material, Probation shall notify the Court, the Government

and defense counsel of same so parties may take any further steps deemed appropriate, including challenging any seizure and/or confiscation.

8. All other terms of supervised release contained in the March 3, 2020 amended judgment remain in force.

SO ORDERED.

Dated: July 30, 2020
New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge